# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

NETTIE R. BRUMLEY, )
)
        **Plaintiff,** )
)
v. ) Case No. CIV-07-440-SPS
)
MICHAEL J. ASTRUE, )
Commissioner of the Social )
Security Administration, )
)
        **Defendant.** )

## OPINION AND ORDER

The claimant Nettie R. Brumley requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision is AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the

national economy[.]" *Id.* § 423(d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence or substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take

---

[1] Step one requires the claimant to establish she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work the claimant can perform existing in significant numbers in the national economy, taking into account her age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born on October 15, 1958, and was forty-eight years old at the time of the administrative hearing. She earned a GED and previously worked as an institutional cook and automobile service station attendant. She alleges she has been unable to work since March 1, 2002, because of hepatitis B and C, chronic obstructive pulmonary disease, asthma, fibromyalgia, degenerative disc disease of the lumbar and cervical spine, degenerative joint disease of the knees, obesity, bipolar disorder, panic disorder, depression and personality disorder.

**Procedural History**

On April 15, 2004, the claimant protectively filed an application for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. The application was denied.[2] ALJ Edward Thompson conducted a hearing and found that the claimant was not disabled on June 15, 2007. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. § 416.1481.

---

[2] The claimant filed a prior application for supplemental security income payments in September 2001. The ALJ noted the claimant was beyond the two-year time period for reopening a prior application and the prior decision was final. *See Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990) (finding that the ALJ's decision not to reopen claimant's prior applications for benefits was discretionary and is not subject to judicial review under § 405(g)), *citing Califano v. Sanders*, 430 U.S. 99, 107-09 (1977).

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant retained the residual functional capacity ("RFC") to perform a limited range of sedentary work, *i. e.*, lifting and/or carrying (including upward pulling) of ten pounds occasionally and less than ten pounds frequently; standing and/or walking (with normal breaks) for at least two hours in an eight-hour workday; sitting (with normal breaks) for six hours in an eight-hour workday; and pushing and/or pulling was unlimited up to the pounds already specified. The claimant could only occasionally climb, balance, stoop, kneel, crouch, and crawl. With regard to her mental restrictions, the claimant "c[ould] remember, understand and carry out simple tasks; c[ould] relate to supervisors and coworkers in a superficial manner; and c[ould] relate to and adapt to basic work related changes and pressures." (Tr. 16-17). The ALJ concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was work she could perform existing in significant numbers in the regional and national economies, *e. g.*, plastic design applier, button reclaimer and a glass dial waxer (Tr. 23).

### Review

The claimant's sole contention is that the ALJ failed to properly consider the medical opinion of Dr. Marcia Matthews, M.D., that she was unable to work. She specifically argues that the ALJ should have recontacted Dr. Matthews if there was a question as to who rendered the opinion and that the ALJ could not disregard Dr. Matthews' opinion. The Court finds the claimant's contention is without merit.

The record reveals that the claimant began receiving treatment from Dr. Matthews in December 2003. Dr. Matthews took a history from the claimant and noted she currently suffered from severe pain in her calf radiating up into her back and the side of her thigh. She also had a decreased ability to raise her foot and problems with ambulation (Tr. 206-07). When the claimant returned in March 2004, she complained of not sleeping well and back pain. She appeared sad and tearful (Tr. 198). In August 2004, the claimant reported she had not been taking her medication and was suffering pain (Tr. 187). In October 2004, the claimant complained of neck and back pain which had worsened since her gallbladder surgery (Tr. 180). The claimant was prescribed a rolling walker in May 2004 (Tr. 131). A medical examination form was completed by one of the claimant's physicians (Dr. Matthews' name is printed on the form but the signature appears to be that of someone else) in August 2004, and it shows that the claimant suffered from diabetes mellitus, hepatitis C, hypertension, fibromyalgia and bipolar disorder. These conditions were judged to prevent the claimant from working on a permanent basis (Tr. 129).

The ALJ discussed the medical examination form which the claimant contends was completed by her treating physician Dr. Matthews. He noted that the form included a statement that the claimant could not work, but the signatures on both the medical examination form and the prescription (also allegedly from Dr. Matthews) did not appear to match the name Marcia Matthews. In any event, the ALJ concluded the opinion that the claimant could not work "would not be determinative of the issue of disability" because it "[was] an opinion on an issue . . . reserved for the Commissioner[.]" (Tr. 21-22).

The Court finds no error in the ALJ's evaluation of the opinion that the claimant was unable to work expressed on the medical examination form. The ALJ was not required to conduct a treating physician analysis of the opinion, *see*, *e. g.*, *Balthrop v. Barnhart*, 116 Fed. Appx. 929, 932 (10th Cir. 2004) (finding that an opinion couched as conclusive on an issue reserved to the Commissioner is not a medical opinion entitled to controlling weight analysis or any special significance) [unpublished opinion], *citing* 20 C.F.R. § 416.927(d), and he clearly did not disregard the opinion but considered it within the requirements of the governing regulations. *See*, *e. g.*, *Miller v. Barnhart*, 43 Fed. Appx. 200, 204 (10th Cir. 2002) (noting that an ALJ "is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner.") [quotation omitted] [unpublished opinion]. *See also* Soc. Sec. Rul. 96-5p, 1996 WL 374183, at *5 (stating that "[medical source] opinions on [issues reserved to the Commissioner] must not be disregarded."). Further, because the opinion concerned an issue reserved to the Commissioner, it is of little consequence who actually signed the medical examination form. The evidence was adequate, so the ALJ was not required to recontact Dr. Matthews. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2001) ("[I]t is not the rejection of the treating physician's opinion that triggers the duty to recontact the physician; rather it is the inadequacy of the 'evidence' the ALJ 'receive[s] from [the claimant's] treating physician' that triggers the duty."). *See also Maes v. Astrue*, 522 F.3d 1093, 1097-98 (10th Cir. 2008) ("[T]he ALJ generally must recontact a claimant's medical sources for additional information

when the record evidence is inadequate to determine whether the claimant is disabled."), *citing* 20 C.F.R. § 416.912(e). The Court therefore finds no error on the ALJ's part.

## Conclusion

As set forth above, the Court finds that correct legal standards were applied by the ALJ and the decision of the Commissioner is therefore supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby AFFIRMED.

**DATED** this 20th day of March, 2009.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**